UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CARL PETERS | CIVIL ACTION |
| VERSUS | NO: 18-07235 |
| OCEANEERING INTERNATIONAL, INC. ET AL. | SECTION: T (3) |

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by Grand Isle Shipyard, LLC ("GIS"). Oceaneering International, Inc. ("Oceaneering") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **DENIED.**

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of injuries sustained by Carl Peters ("Plaintiff") while working for his employer, GIS, aboard a semi-submersible floating production system, Delta House, located at the Mississippi Canyon Block 254 ("MC 254").[4] On May 8, 2018, a heavy clamp fell onto Plaintiff causing Plaintiff to sustain severe and permanent injuries to his lower back and neck.[5] Oceaneering allegedly had employees and equipment aboard the Delta House at the time of the accident, and was allegedly responsible for supplying equipment and providing support services.[6]

On August 31, 2018, Plaintiff filed suit against Oceaneering contending that Oceaneering is liable for negligence.[7] On January 9, 2019, Oceaneering filed a third party complaint against GIS alleging that Oceaneering is a third party beneficiary of a Master Service Contract between

---

[1] R. Doc. 22.
[2] R. Doc. 26.
[3] R. Doc. 22.
[4] R. Doc. 1.
[5] R. Doc. 1, ¶9.
[6] R. Doc. 1, ¶3, ¶7.
[7] R. Doc. 1.

GIS and the platform operator, LLOG Exploration Offshore, L.L.C., wherein GIS agreed to defend, indemnify and hold harmless LLOG and name LLOG as an additional insured under the pertinent GIS insurance.[8] GIS now moves for summary judgment contending that the indemnity provision relied upon by Oceaneering is void under Louisiana law.[9]

## LAW AND ANALYSIS

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[12] The party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.[13] "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial."[14]

GIS contends that by virtue of the Outer Continental Shelf Lands Act, 43 U.S.C. §1331, *et seq.* ("OCSLA") the law of the adjacent state (Louisiana) applies to this controversy and that Louisiana law, specifically the Louisiana Oilfield Indemnity Act ("LOIA"), La. R.S. 9:2780, renders invalid the indemnity provisions contained in the Master Service Contract. Oceaneering

---

[8] R. Doc. 16.
[9] R. Doc. 22-1.
[10] Fed. R. Civ. P. 56(a).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).
[12] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[13] *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).
[14] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

contends that the MC 254 and Delta House are not adjacent to the State of Louisiana but are instead adjacent to the States of Alabama and Mississippi.[15] Additionally, Oceaneering asserts that judicial determination on whether Oceaneering is entitled to recover under the indemnity provision is premature because there has been no determination of any fault at this stage of the litigation.

Courts in this district have held that summary judgment on the merits of a defense and indemnity obligation to which the LOIA is alleged to apply is premature.[16] Because no fault has been assessed at this stage of the litigation, there is no reason for the Court to determine the enforceability of the indemnity provision in the Master Service Contract. Thus, GIS's motion seeking a determination that the indemnity provisions contained in the Master Service Contract are invalid is premature.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[17] is **DENIED AS PREMATURE.** Grand Isle Shipyard, LLC may re-urge its Motion for Summary Judgment following a judicial determination of the parties' negligence or fault.

**New Orleans, Louisiana**, on this <u>30th</u> day of January, 2020.

**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[15] R. Doc. 26.
[16] *See e.g., Alleman v. Omny Energy Services Corp.*, 434 F.Supp.2d 405, 414–15 (E.D.La.2006) (Vance, J.); *Peoples v. Pogo Gulf Coast, Ltd.*, 2007 WL 4522600, at *1 (E.D.La. Dec.18, 2007) (Feldman, J.); *Exley v. Superior Engery Serv.*, 2007 WL 805794, at *5 (E.D.La. Mar.3, 2007) (Feldman, J)).
[17] R. Doc. 22.